Submitted on record and briefs July 17, affirmed August 12, 1974

PARKER, *Petitioner, v.* OREGON LIQUOR
CONTROL COMMISSION, *Respondent.*

525 P2d 187

Bruce D. Smith, Jackson County Legal Services,
Medford, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Petitioner was a bartender for Kopper Kitchen Restaurant in Medford and after a hearing the respondent Oregon Liquor Control Commission found that the charge of permitting a visibly intoxicated person to enter, remain and consume alcoholic liquor on the licensed premises "in violation of ORS 472.310 (3)"[1] had been sustained. The Commission suspended petitioner's service permit for 10 days. On review he contends that (1) the evidence did not support the charge against him and (2) the words "visibly intoxicated" as used in the laws controlling the use of intoxicating liquor fail to provide a standard sufficiently objective to allow bartenders to comply with it.

In connection with assignment (1), our review is to determine whether or not the order is "* * * supported by reliable, probative and substantial evidence in the whole record * * *." ORS 183.480 (7) (d).

---

[1] Petitioner was, in fact, notified of and charged with a violation of Oregon Administrative Rules, ch 845, § 10-065 (2), which reads:

> "No licensee shall permit or suffer any loud, noisy, disorderly or boisterous conduct, or any profane or abusive language, in or upon his licensed premises, or permit any visibly intoxicated person to enter or remain upon his licensed premises.",

and the hearing was so conducted. The reference in the Findings of Fact to ORS 472.310 (3), involving sale of liquor, apparently was inadvertent and did not mislead petitioner.

■ The evidence was that petitioner summoned the Medford police to the Kopper Kitchen and asked to have an intoxicated person removed from the premises. Three officers responded and while arresting and removing the one man, they saw another man on the premises with a drink in his hand who also appeared to be intoxicated. This man was wearing a cowboy hat. After removing the first man, one of the officers returned to the premises to speak to petitioner about the other man, the one wearing the cowboy hat. He was still there and had a different drink in his hand. The officer, Officer Lloyd, told petitioner that he thought "* * * the man was drunk and that he shouldn't be served * * *." About half an hour later, the officer returned with another officer to see if the alleged inebriate was still there. The man was then gone and Officer Lloyd testified that petitioner at that time admitted that the man who had been there, the one wearing the cowboy hat, was "pretty drunk." Inspector Jones of the OLCC testified that he contacted petitioner later the same day and petitioner admitted to him, with reference to the man in the cowboy hat, that, "yea he was drunk, he had his brother take him home." Thus, there not only was testimony of the officers that supported that part of the charge against petitioner which he contested, i.e., was the man visibly intoxicated, but petitioner's own admissions as well. While petitioner denied making the admissions, neither the hearing officer nor the Commissioners were required to accept his testimony as against that of the officers. The order met the requirement that it be "supported by reliable, probative and substantial evidence in the whole record."

■ Petitioner's other assignment, that "visibly intoxicated" is not "sufficiently explicit to inform" bar-

tenders what is prohibited, is without merit. The purpose of the law is to prevent the abuse of the use of alcoholic liquors. Intoxication is an abuse. "Visible intoxication" is not a technical term requiring expert testimony to explain or define it and the words should be given a reasonable interpretation having reference to the purpose of the law in which the term is used.

"* * * [W]ords of common use are to be taken in their natural and obvious meaning and significance. * * *" *State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 137, 432 P2d 512 (1967).

The condition of "visible intoxication" and its common accompaniments are so much a matter of general knowledge that practical and sensible assessment of the condition may be made by bartenders as well as others.

Affirmed.